**ORIGINAL**



**FILED UNDER SEAL PURSUANT TO FALSE CLAIMS ACT 31, U.S.C. § 3730(B)**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. |
| Plaintiff, | |
| *ex rel.* **RELATOR LLC**, a California limited liability company, | **4-23 CV-936-0** |
| Relator, | **JURY TRIAL DEMANDED** |
| v. | |
| **NOEL KIP ADAMS**, an individual, **JOHN LANGSTON**, an individual, **COLONIAL COUNTRY CLUB**, a Texas nonprofit corporation, and DOES 1-10, | **SEALED** |
| Defendants. | |

## COMPLAINT FOR VIOLATIONS OF FEDERAL FALSE CLAIMS ACT

Plaintiff RELATOR LLC (hereinafter referred to as "Plaintiff") complains of Noel Kip Adams, an individual ("Club President"), John Langston, an individual ("Club Treasurer"), Colonial Country Club, A Texas nonprofit corporation ("Country Club Borrower"); and DOES 1-10 (together with the Club President, Club Treasurer and the Country Club Borrower, collectively, the "Defendants"), and alleges as follows:

### INTRODUCTION

1.      In this matter a small group of managers/owners of a Country Club misappropriated large sums of government aid money which was supposed to assist working families, not the ultra-rich. This case is emblematic of the bigger problem of a few unscrupulous

wealthy people taking from the American public.  This is a case about embezzlement of government aid funds during a national emergency. In this case, the Defendants pursued and received multiple loans under the Paycheck Protection Program (hereinafter "PPP") in the total amount of **$3,538,780.00** for the purpose of covering payroll costs for their employees which they supposedly cannot afford. However, the loans were prohibited for several reasons. One key reason is that private clubs, like the Country Club (defined below) that limit the number of memberships for reasons other than capacity are ineligible to receive PPP loans. If a club is excluding people because of the way they look, their race, their religion, their background, their wealth, their political affiliation, where they live, their stature in the community, their background or for any other reason apart from *capacity*, then they are not allowed to have the American Taxpayer fund their business.

2.      Country Club Borrower is the owner and operator of "Colonial Country Club" ("The Country Club"), which is an exclusive, members-only country club located in Fort Worth, Texas.

3.      The Country Club is not open to the general public. It is a private, members-only club. In addition, not just anyone can join, even when there is room to join. There are many restricts to joining The Country Club that have nothing to do with the club's capacity.

4.      The PPP was meant to help small businesses. It was not an invitation for the financial elite, who make it an ugly policy to exclude working people from their private clubs, to then turn around and expect middle class Americans to hand them piles of money. Defendants lied about the true nature of their business and then failed to return the ill-gotten money. The American people have a right to be angry.

5.      Ineligible Businesses. The Small Business Administration ("SBA") is expressly

2

clear that <u>private clubs</u> and other businesses which limit the number of memberships for reasons other than *capacity* are <u>not eligible</u> whatsoever to obtain PPP loans. There are specific rules regarding these types of businesses. The vast majority of American industries are allowed to seek loans. However, a small number of industries have been specifically prohibited, like private clubs which limit the number of memberships for reasons other than capacity. The rules prohibiting loans to these types of businesses are glaring and are clear. The government can and has decided who may apply for loans. Wisely, the government put restrictions on a select number of industries for good reasons. One example is the restriction on private clubs and businesses which limit the number of memberships for reasons other than capacity. It would not be prudent or fair for the government to allow these sorts of private clubs to take from government coffers (and therefore the American taxpayer) when they restrict American taxpayers from using their clubs for reasons other than capacity. The Defendants, should never have applied for this money. They should never have accepted the money. They should have immediately returned the money. They intentionally failed on all these points. To make matters worse they then applied for and received forgiveness of the Loans, thereby making clear their intention to never repay the American taxpayers that they exclude from their club.

6.      <u>Knowledge of Wrongdoing</u>. Defendants knowingly and intentionally made false claims in order to obtain what they knew were ill-gotten gains. The Club CEO and Club CFO are businesspeople who are responsible for the legal and effective operation of The Country Club. The management and administration of a County Club such as this would require these managers to research matters in the areas of business, employee relations, zoning/land use, landlord and tenant law and so on. It is difficult to imagine that a business like this would take this amount of money, from the government, without performing a thorough review of its legality. Actually, it

3

appears that the Defendants were well informed about the rules prohibiting these loans, by the way that the forms were filled out, suggesting an intention to deceive and cover up. At the very least, the Defendants acted with willful indifference, violating a basic tenet of the PPP which a brief review of the rules would reveal that these types of exclusive clubs cannot take PPP money.

7.      Defendants were not placed in charge of this position of trust by the sophisticated, elite members of The Country Club without a clear understanding of the rules and regulations applicable to private clubs like The Country Club. Defendants knew their business was selectively prohibited from taking SBA loans.

8.      No Economic Necessity. The PPP Loans were not necessary to support the ongoing operations of The Country Club. They did not need the money. On information and belief, membership dues were not diminished as a result of COVID-19. On information and belief, Defendants have access to ready funds because membership dues were fully paid with minimal or no delinquencies at the time Defendants applied for and received the Loans and when they applied for and received forgiveness of the Loans. Therefore, when Defendants made the Economic Necessity Certification (defined below), the certification was false.

9.      The SBA relied on Defendants' many false claims. Were it not for those false claims, the Defendants would not have received the loans.

10.     In other words, Defendants not only obtained PPP proceeds when they were not supposed to, all while depriving eligible small businesses of access to PPP proceeds during a national emergency.

11.     The Defendants made many material false statements to the government in order to deceive the SBA to obtain these large loans and did it for an impermissible purpose.

12.     Defendants communicated in writing, deceptive statements, including without

4

limitation, with respect to the eligibility to receive loan proceeds, with respect to the necessity of the loan proceeds, the calculation of the loan amount, the purpose of the loans, and the use of the proceeds, among others.

13.     Plaintiff-Relator, Relator LLC on behalf of the United States of America brings this action to recover treble damages, civil penalties, and costs under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, and to recover damages and other monetary relief under the common law and equitable theories of unjust enrichment and payment by mistake.

14.     This action arises from numerous false statements and claims that the Defendant knowingly presented to the United States and the United States Small Business Administration ("SBA") and lenders acting on the SBA's behalf, in violation of the FCA and common law.

15.     The Defendants unlawfully obtained millions of dollars of PPP Proceeds (as defined below), and failed to return or repay the money.

16.     In summary, the Defendants obtained large PPP loans from the government. They deceptively completed the SBA loan applications by seeking money for a business that was expressly not eligible.

## THE PARTIES

17.     Plaintiff-Relator LLC, is a California limited liability company with its principal place of business in Los Angeles, California.

18.     Defendant Noel Kip Adams is an individual and, at all relevant times herein, is and was the President of Country Club Borrower.

19.     Defendant John Langston is an individual and, at all relevant times herein, is and was the Treasurer of Country Club Borrower.

20.     Defendant Colonial Country Club, A Texas nonprofit corporation with its principal place of business in Fort Worth, Texas.

5

21.     During round 1 of the paycheck protection program, Country Club Borrower applied for a PPP loan for $1,811,310.00. It was approved on April 9, 2020, by the SBA for the full amount. The loan was facilitated by Plainscapital Bank. Country Club Borrower received 100% of the approved amount. On its application for this loan, Country Club Borrower stated that it had 197 employees, thereby reflecting an average salary of $44,133.00 per year. The loan is hereafter referred to as "PPP Loan." This loan was forgiven on December 3, 2020.

22.     During round 2 of the paycheck protection program, Country Club Borrower applied for a second PPP loan for **$1,727,470.00**. It was approved on January 26, 2021, by the SBA for the full amount. The loan was facilitated by Plainscapital Bank. Country Club Borrower received 100% of the approved amount. On its application for this loan, Country Club Borrower stated that it had 179 employees, thereby reflecting an average salary of $46,323.00 per year. The loan is hereafter referred to as "PPP Loan 2." This loan was forgiven on August 6, 2021.

### THE CARES ACT AND PAYCHECK PROTECTION PROGRAM

23.     On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act" or "the Act") (Pub. L. 116-136) became law and provided emergency assistance and health care response for individuals, families, and businesses affected by the coronavirus pandemic. SBA received funding and authority through the Act to modify existing loan programs and establish a new loan program to assist small businesses nationwide adversely impacted by the COVID-19 emergency.

24.     The CARES Act authorized loans to eligible small businesses struggling to pay employees and other business expenses as a result of the devastating effect of the COVID-19 pandemic.

25.     Section 1102 of the CARES Act temporarily permitted the SBA to guarantee 100 percent of 7(a) loans under a new program titled the "Paycheck Protection Program" ("PPP").

6

26.     On April 24, 2020, the Paycheck Protection Program and Health Care Enhancement Act (Pub. L. 116-139) became law and provided additional funding and authority for the PPP. On June 5, 2020, the Paycheck Protection Program Flexibility Act of 2020 (Flexibility Act) (Pub. L. 116-142) became law and changed key provisions of the Paycheck Protection Program, including provisions relating to the maturity of PPP loans, the deferral of PPP loan payments, and the forgiveness of PPP loans.

27.     Under the PPP, in 2020, eligible businesses could obtain one SBA guaranteed PPP loan. Businesses were required to spend loan proceeds for employee compensation, rent or mortgage, and other specified expenses and, depending on their use of the loan proceeds, could qualify for loan forgiveness, up to the full amount of the loan.

28.     The SBA delegated authority to third-party lenders to underwrite and approve the PPP loans. In order to obtain a PPP loan, a qualifying business (through its authorized representative) signed and submitted a PPP loan application (SBA Form 2483) online through the lender's application platform. The PPP loan application (SBA Form 2483) required the business (through its authorized representative) to acknowledge the PPP program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.

29.     Once the Borrower submitted its PPP loan application (SBA Form 2483) to a Lender, the participating lender processed the PPP loan application. If a PPP loan application (SBA Form 2483) was approved by the participating lender, it thereafter funded the PPP loan using its own monies, which were 100% guaranteed by the SBA.

30.     After the Lender processed and approved a borrower's PPP loan application (Form 2483), but prior to the closing of the PPP loan, the Lender submitted to the SBA, the Lender's Application - Paycheck Protection Program Loan Guaranty (SBA Form 2484) to the

7

SBA applying for a guarantee on the loan. For a PPP loan to be approved, the Lender was

required to Answer Yes to the following questions in the Lender's Application - Paycheck

Protection Program Loan Guaranty (SBA Form 2484) as to the Borrower's certification of its

General Eligibility to receive a PPP Loan:

| | The Applicant has certified to the Lender that (1) it was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099MISC; (2) current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant; (3) the funds will be used to retain workers and maintain payroll, or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures; and (4) the Applicant has not and will not receive another loan under the Paycheck Protection Program, section 7(a)(36) of the Small Business Act (15 U.S.C. 636(a)(36)) (this does not include Paycheck Protection Program second draw loans, section 7(a)(37) of the Small Business Act (15 U.S.C. 636(a)(37)). | ☒Yes | ☐No |
|---|---|---|---|

SBA Form 2484 (emphasis added). Therefore, if a PPP borrower lied on its PPP loan

application (SBA Form 2483), the PPP borrower's false certification caused the Lender to submit

to the SBA with respect to that PPP Loan, a Lender's Application - Paycheck Protection Program

Loan Guaranty (SBA Form 2484) that contained the PPP borrower's False Statement.

31.    SBA Form 2483 provides the following certification, among others "I have read

the statements included in this form, including the Statements Required by Law and Executive

Orders, and I understand them" (hereafter the "Understanding Certification").

32.    SBA Form 2483 provides the following certification, among others "The

Applicant is eligible to receive a loan under the rules in effect at the time this application is

submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule)" (hereafter the "Eligibility Certification").

33. SBA Form 2483 provides the following certification, among others "All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule" (hereafter the "Use of Proceeds Certification")

34. SBA Form 2483 additionally provides the following certification, among others: "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant" (hereafter the "Economic Necessity Certification").

35. SBA Form 2483 additionally provides the following certification, among others: "The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud" (hereafter the "Worker Retention and Payroll Certification.")

36. SBA Form 2483 additionally provides the following certification, among others: "During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program." (hereafter the "Single Loan Certification.")

37. SBA Form 2483 additionally provides the following certification, among others: "I further certify that the information provided in this application and the information provided in

9

all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000" (hereafter the "No False Statements Certification").

38.     After the borrower submitted the PPP loan application, that application was then processed by a participating lender. If a PPP loan application was approved, the participating lender funded the loan using its own monies, which were then guaranteed by the SBA. Generally, in the event that the borrower defaulted on a PPP loan, the SBA would purchase the borrower's debt from the lending financial institution and take on the responsibility for paying back the loan.

39.     Under the applicable PPP rules and guidance, recipients of PPP loans could apply to have the interest and principal on the PPP loan fully forgiven, meaning that the borrower would owe nothing and would have no obligation to repay the PPP loan. To obtain full forgiveness of the PPP loan, borrowers had to attest that they had "not reduced the number of employees or the average paid hours of their employees" during the loan period, that the loan proceeds had been spent on payroll costs and other permitted expenses and that at least 60% of the loan proceeds had been spent on payroll costs (hereafter the "Loan Forgiveness Certification").

40.     Loans could only be used for certain permitted expenses, such as to fund payroll costs and employee benefits, such as health insurance, to pay for, mortgage interest, rent, utilities

10

or worker protection costs related to COVID19.

41.    On April 2, 2020, the SBA posted the First PPP Interim Final Rule announcing the implementation of the CARES Act. SBA posted additional interim final rules on April 3, 2020, and April 14, 2020. On April 28, 2020, SBA posted an interim final rule supplementing the previously posted interim final rules with additional guidance. See, Federal Register / Vol. 85, No. 82 / Tuesday, April 28, 2020 / Rules and Regulations at, 23450-52, available at https://home.treasury.gov/system/files/136/Interim-Final-Rule-on-Requirements-for-Promissory-Notes-Authorizations-Affiliation-and-Eligibility.pdf. This interim final rule supplemented previous regulations and guidance on several important, discrete issues. The April 28, 2020, Interim Final Rule was immediately effective without advance notice and public comment because section 1114 of the CARES Act authorized SBA to issue regulations to implement Title I of the CARES Act without regard to notice requirements. *Id.*

42.    With respect to the PPP, the April 15, 2020, Interim Final Rule provided Clarification Regarding Eligible Businesses, states in part:

> C.    **HOW DO I DETERMINE IF I AM INELIGIBLE?**
>
> Businesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and described further in SBA's Standard Operating Procedure (SOP) 50 10, Subpart B, Chapter 2, except that nonprofit organizations authorized under the Act are eligible. (SOP 50 10 can be found at *https://www.sba.gov/document/sop-50-10-5-lender-development-company-loan-programs*.)

*See* Federal Register Document Citation 85 FR 20811, pgs. 20811-20817, 13 CFR  120.

43.    Under 13 CFR § 120.110(i), private clubs and businesses which limit the number of memberships for reasons other than capacity are ineligible to obtain loans under the U.S. federal government's PPP loan program.13 CFR § 120.110 (i) provides in relevant part:

> *§ 120.110 What businesses are ineligible for SBA business loans?*

11

*The following types of businesses are ineligible:*

*...*

*(i) Private clubs and businesses which limit the number of memberships for reasons other than capacity;*

44.    These PPP Loan eligibility rules are also included in the U.S. Small Business Administration, Office of Financial Assistance, Lender and Development Company Loan Programs, SOP 50 105(B), page 85 and 86 which says in part:

### CHAPTER 2: ELIGIBILITY FOR 7(A) GUARANTY LOAN PROGRAM II.

### SUMMARY OF ELIGIBLITY REQUIREMENTS

*D. The following businesses are not eligible: (13 CFR 120.110)*
*9. Private clubs and businesses which limit the number of memberships for reasons other than capacity;*

### DEFENDANTS' FALSE STATEMENTS AND MISUSE OF PROCEEDS

45.    Defendants applied for and received two(2) PPP Loans in the total amount of at least $3,538,780.00. In order to receive the loans, Defendants would have to have completed SBA Form 2483 entitled "Borrower Application Form". In doing so, Defendants intentionally made materially false statements with respect to the Eligibility Certification, the Use of Proceeds Certification, the Economic Necessity Certification, the Worker Retention and Payroll Certification, and the No False Statements Certification.

46.    Defendants signed the loan applications, thereby endorsing the Understanding Certification, which means that they agreed that they understood the rules and guidelines of the PPP, including, without limitation the rules regarding eligibility, economic necessity, use of proceeds and the certifications made.

47.    Country Club Defendant was not an eligible business, therefore when Defendants made the Eligibility Certification, the certification was false.

48.    The proceeds of the PPP Loans were not and could not have been used only for

business-related purposes consistent with the Paycheck Protection Program Rule, because, among other things, Country Club Defendant was not an eligible business, therefore when Defendants made the Use of Proceeds Certification, the certification was false.

49.     The PPP Loan was not necessary to support the ongoing operations of the Country Club. They did not need the money. There is every indication that Defendants' business continued to thrive and have positive revenue. There is no indication that members stopped paying their membership dues or that the Country Club implemented any pause in member obligations to pay. There is no evidence of any business loss. Business was good. Therefore, when Defendants made the Economic Necessity Certification, the certification was false.

50.     On their loan applications, Defendants intentionally made several key statements which were false and intended to deceive. These key false statements by Defendants made it possible for them to get the loans.

51.     By virtue of the above false statements, when Defendants made the No False Statements Certification, that certification was false.

## THE FALSE CLAIMS ACT

52.     Plaintiff alleges that, from at least April 9, 2020, through the time of the filing of this Complaint, Defendants violated the FCA by "knowingly" submitting and/or causing the submission of false claims for payment to lenders authorized by the SBA to process PPP loan applications in the form of PPP Applications and the resulting receipt and failure to return PPP loans. These claims for payment were false because Defendants: (1) made knowingly false statements and certifications in their PPP applications, and in certifications accompanying its receipt of federal PPP funds, that it was complying with, and would continue to comply with, applicable laws and regulations governing the award of PPP loans; and/or (2) made, or caused to be made, false representations in loan applications that the Country Club Borrower was eligible

13

to receive such PPP loans. Moreover, Defendants' false claims caused on numerous occasions Plainscapital Bank to submit to the SBA, a Lender's Application - Paycheck Protection Program Loan Guaranty (SBA Form 2484) that contained Defendants' false statement concerning Defendants' general eligibility for the PPP loan, on which the SBA relied and paid to the lender.

53.     The False Claims Act prohibits fraudulent conduct in connection with federal programs, including the knowing submission of false claims for payment to the government. See 31 U.S.C. § 3729(a)(1)(A). In these circumstances, liability may attach if the omission renders those representations misleading. 41. 31 U.S.C. § 3729(a)(1)(A) and (B) of the FCA provide that:

(1) . . . any person who—

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim,

. . .

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,
is liable to the United States Government . . .

31 U.S.C. § 3729(a)(1)(A), (B), and (G) (2020).

42. The scope of a false or fraudulent claim is to be broadly construed. As used in the FCA, a "claim"

(A) means any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that—

(i) is presented to an officer, employee, or agent of the United States; or

(ii) is made to a contractor, grantee, or other recipient, if the money or property is

14

to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government—

(I) provides or has provided any portion of the money or property requested or demanded; or

(II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded; . . .

31 U.S.C. § 3729(b)(2) (2020).

54.    A person who violates the False Claims Act during the time period at issue "is liable for a civil penalty as adjusted, plus 3 times the amount of damages which the United States Government sustains because of the act of that person." 31 U.S.C. § 3729(a). See 28 C.F.R. § 85.3(a)(9); Department of Justice, 28 CFR Part 85, Civil Monetary Penalties Inflation Adjustments for 2022 published at: https://www.govinfo.gov/content/pkg/FR-2022-05-09/pdf/2022-09928.pdf.

## I.    JURISDICTION & VENUE

55.    This Court has subject matter jurisdiction over the Plaintiff's claims brought under the FCA, 31 U.S.C. §§ 3279, et seq., pursuant to 31 U.S.C. §§ 3730 and 3732. This Court has supplemental jurisdiction to entertain the common law and equitable causes of action under 28 U.S.C. § 1367(a).

56.    This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because at all times material hereto, Defendants transacted business and are found in the NORTHERN DISTRICT OF TEXAS[1], and acts proscribed by 31 U.S.C. § 3729 occurred in this district.

57.    Venue is proper in this district pursuant to 31 U.S.C. § 3732(a), and under 28 U.S.C. §§ 1391(b) and 1395(a), because the Country Club is located in Tarrant County, within

15

the NORTHERN DISTRICT OF TEXAS. Moreover, certain acts that form the basis of this Complaint occurred in the NORTHERN DISTRICT OF TEXAS.

58.     Relator's claims and this Complaint are not based upon prior public disclosures of allegations or transactions in a federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other federal report, hearing, audit, or investigation; or from the news media. To the extent that there has been a public disclosure unknown to Relator, it is the "original source" within the meaning of 31 U.S.C. § 3730(e)(4)(B) and/or the public disclosure is a result of Relator voluntarily providing this information to the United States Government prior to filing this *qui tam* action.

### FIRST CAUSE OF ACTION
### FALSE OR FRAUDULENT CLAIMS (31 U.S.C. § 3729.(a)(1)(A-B))

59.     Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

60.     This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended.

61.     By virtue of the acts described above, Defendants knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(1)(A).

62.     By virtue of the acts described above, Defendants knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

63.     Because of the Defendants' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus

civil penalties of not less than $12,537.00 and not more than $25,076.00 for each and every violation arising from Defendants' unlawful conduct alleged herein.

## CONCLUSION

The PPP was meant to give working Americans assistance to keep their jobs. The Defendants abused it. In a desecration of the PPP the Defendants used the PPP to line their own pockets while poor and middle class Americans suffered. The Defendants took from a program which they were not allowed to take from, and took an excessive amount. This misappropriation has added insult to injury. The elite few who relax in county clubs, now have their county club subsidized by the tens of millions of Americans who will never be allowed to enter its doors. The American people have a right to be angry.

## **PRAYER FOR RELIEF**

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against Defendants, as follows:

1. That this Court enter judgment against each Defendant in an amount equal to three times the damages that the United States has sustained because of Defendants' action, plus a civil penalty of not less than $12,537.00 and not more than $25,076.00 for each and every false claim as are required by law, together with all such further relief as may be just and proper.

2. Such other relief as this Court may deem just and proper, together with interest and costs of this action.

3. Reasonable attorney fees, litigation expenses, and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 8, 2023

David L. Hecht (NY: 4695961)
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Tel: 212-851-6821
Fax: 646-492-5111
Email: dhecht@hechtpartners.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

4-23CV-936-0

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA ex rel. RELATOR, LLC

### DEFENDANTS

NOEL KIP ADAMS, et. al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Hecht Partners LLP - 125 Park Avenue, 25th Floor, New York, NY 10017 - 212-851-6821

Attorneys *(If Known)*

SEP 12 2023 AM 11:20
RECEIVED-USDC-NDTX-FW

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff

[ ] 2 U.S. Government Defendant

[ ] 3 Federal Question *(U.S. Government Not a Party)*

[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [X] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | / Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine / Injury Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding

[ ] 2 Removed from State Court

[ ] 3 Remanded from Appellate Court

[ ] 4 Reinstated or Reopened

[ ] 5 Transferred from Another District *(specify)*

[ ] 6 Multidistrict Litigation - Transfer

[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. § 3729(a), et. seq.

Brief description of cause:
False or Fraudulent Claims

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
09/08/2023

SIGNATURE OF ATTORNEY OF RECORD
*David [signature]*

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.